TIMOTHY PACE,

               Petitioner,

  -vs-

VICTOR HERBERT, Superintendent,
Attica Correctional Facility

             Respondent.

**DECISION AND ORDER
No. 04-CV-843**

─────────────────────────────────────────

## I. INTRODUCTION

Petitioner ("Pace" or "Petitioner"), by his attorney Roger W. Wilcox, filed a timely petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his custody, pursuant to a judgment entered April 17, 1998. Following a jury trial, Petitioner was convicted of two counts each of murder in the second degree (N.Y. Penal Law § 125.25(2),(3)) and criminal use of a firearm in the first degree (N.Y. Penal Law §265.09 (1)(a), (b)), and four counts of robbery in the first degree (N.Y. Penal Law §160.15 (1)-(4)). For the reasons set forth below, this petition is denied.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner, by indictment number 97-013, was charged with three counts of murder in the second degree, four counts of robbery in the first degree, two counts of criminal use of a firearm in the first degree, and one count of criminal possession of a weapon in the second degree, arising out of the following incident.

(T. 345).[1] On November 10, 1996, in Niagara County, Petitioner and another individual[2] entered the Center Court Mini-mart, forcibly stole cash from the clerks, Farook Amir and Ashraf Rizak, and shot and killed Amir with a shotgun. (T. 373-85, 819). Rizak testified at trial that he could not identify the two men because they were wearing masks and gloves. (T. 378). The People presented evidence that two young girls, Latoya Lane and Dawn Shipp, saw Pace outside of the store near the time of the crime. (T. 609-10, 483). In addition, Petitioner revealed that he had committed the crimes to Jeffrey Faso, a fellow inmate at the Niagara County Jail, while Petitioner was awaiting trial. (T. 808-820). In his conversation with Faso, Petitioner admitted that he had committed the crimes and he revealed the location of the unrecovered shotgun, which Police were ultimately unable to locate. (T. 818-19). During the conversation with Faso, Petitioner also asked about the strength of the People's evidence and the possibility that DNA and other physical evidence could be recovered. (T. 816-18). Petitioner's father testified that Petitioner was at home on November 10, 1996 at the time of the crime. (T. 999-1004).

Petitioner was convicted by a jury and found guilty of two counts of murder in the second degree, four courts of robbery in the first degree, and two counts of criminal use of a firearm.

---

[1] "T." refers to the trial transcript.

[2] The trial transcript contains references to Jake Seright who was arrested with Petitioner, but who was never charged. (T. 819).

(T. 1226-8).[3] Petitioner appealed his conviction to the Appellate Division, Fourth Department, claiming that the verdict was against the weight of the evidence; that the court erred in refusing to instruct the jury that if Jeffrey Faso's testimony was discredited the jury was required to acquit Petitioner; that the lower court should have barred testimony by Jeffrey Faso under the attorney-client privilege; and that his sentence was unduly harsh. People v. Pace, 305 A.D.2d 984, 985 (4th Dept. 2003). The Appellate Division affirmed Pace's conviction, holding that the verdict was not against the weight of the evidence, the court properly instructed the jury, and the sentence was not unduly harsh. Id. Pace's claim that Jeffrey Faso's testimony should be barred under the attorney-client privilege was procedurally barred, but the court noted that it was, nevertheless, without merit. Id. (Citing People v. Belge, 50 A.D.2d 307, 309 (4th Dept. 1977), for the proposition that the attorney-client privilege protects only confidential communications). The New York Court of Appeals denied further review. People v. Pace, 100 N.Y. 2d 585 (N.Y. 2003).

### III. **GENERAL PRINCIPLES APPLICABLE TO HABEAS REVIEW**

**A. The AEDPA Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief to a state

---

[3] Petitioner was found not guilty of murder in the second degree under Penal Law §125.25 (1)(intentional murder) and the last count in the indictment, criminal possession of a weapon, was dropped. (T. 1179, 1226).

prisoner only if a claim that was "adjudicated on the merits" in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254 (d)(2). A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently that [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). The phrase, "clearly established Federal law, as determined by the Supreme Court of the United States," limits the law governing a habeas petitioner's claims to the holdings (not *dicta*) of the Supreme Court existing at the time of the relevant state-court decision. Williams, 529 U.S. at 412; accord Sevencan v. Herbert, 342 F. 3d 69, 73-74 (2d Cir. 2002), cert. denied, 540 U.S. 1197 (2004).

A state court decision is based on an "unreasonable application of Supreme Court precedent if it correctly identified the governing legal rule, but applied it in an unreasonable manner to the facts of a particular case. Williams, 529 U.S. at 413; see also id. at 408-410. "[A] federal habeas court is not empowered to

grant the writ just because, in its independent judgment, it would have decided the federal law question differently." Aparicio v. Artuz, 269 F.3d 78, 94 (2d Cir. 2001). Rather, "[t]he state court's application must reflect some additional increment of incorrectness such that it may be said to be unreasonable." Id. This increment "need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted). Under AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct. The [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1); see also Parsad v. Greiner, 337 F.3d 175, 181 (2d Cir. 2003) ("The presumption of correctness is particularly important when reviewing the trial court's assessment of witness credibility."), cert. denied sub nom. Parsad v. Fischer, 540 U.S. 1091 (2003). A state court's findings "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

**B.   Exhaustion Requirement**

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that...the applicant has exhausted the

remedies available in the courts of the State..." 28 U.S.C. §2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir. 1994), cert. denied, 514 U.S. 1054, 115 S.Ct. 1436 (1995). "The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*), cert. denied, 464 U.S. 1048 (1984).

**C.   The Adequate and Independent State Ground Doctrine**

"It is now axiomatic that 'cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred.'" Dunham v. Travis, 313 F.3d 724, 729 (quoting Coleman v. Thompson, 501 U.S. 722, 750 (1991)). "A habeas petitioner may bypass the independent and adequate state ground bar by demonstrating a constitutional violation that resulted in a fundamental miscarriage of justice, i.e., that he is actually innocent of the crime for which he has been convicted." Id. (Citing Schlup v. Delo, 513 U.S. 298, 321 (1995); Murray v. Carrier, 477 U.S. 478, 496 (1986)).

Although the Supreme Court "has repeatedly cautioned 'that the independent and adequate state law groud] doctrine applies to bar consideration on federal habeas of federal claims that have been defaulted under state law,'" Dunham, 313 F.3d at 729 (quoting

Lambrix v. Singletary, 520 U.S. 518, 523 (1997) (emphasis added by Second Circuit), the Second Circuit has observed that "it is not the case 'that the procedural-bar issue must invariable be resovled first; only that is ordinarily should be[,]'" (quoting Lambrix, 520 U.S. at 525 (stating that bypassing procedural questions to reach the merits of a habeas petition is justified in rare situations, "for example, if the [underlying issues] are easily resolvable against the habeas petitioner, whereas the procedural bar issue involved complicated issues of state law")).

## IV. PETITIONER'S CLAIMS

### A. Insufficiency of the Evidence

Petitioner first claims that his convictions for second degree murder, first degree robbery, and criminal use of a firearm were not supported by legally sufficient evidence. (Pet. ¶ 22A).[4] Petitioner argues that the uncorroborated testimony of jailhouse informant, Jeffrey Faso, was the only evidence connecting the defendant to the crimes charged, and a reasonable jury could not have found him guilty beyond a reasonable doubt based solely on this testimony. (Pet. Exhibit A, at p. 5). Petitioner further supports his claim, by citing the dissenting opinion of Justice John F. Lawton, Associate Justice for the Appellate Division, who wrote that the New York Court of Appeals or the New York Legislature should create a corroboration requirement for a

---

[4] "Pet." refers to Pace's Petition for a writ of habeas corpus.

jailhouse informant's testimony, just as corroboration is required to convict a person based on the testimony of an accomplice. (Pet. Exhibit A, at p. 6); People v. Pace, 305 A.D.2d 984 (4th Dept. 2003) (Lawton, J., dissenting).

"A habeas petitioner challenging the sufficiency of the evidence supporting his conviction bears a heavy burden." Knapp v. Leonardo, 46 F.3d 170, 178 (2d Cir.), *cert. denied*, 515 U.S. 1136 (1995). The standard to be applied in a federal habeas corpus petition when the claim is made that the petitioner has been convicted in state court on insufficient evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319(1979). To determine the essential elements of the crime, the habeas corpus court must look to state law, see Jackson, 443 U.S. at 324 n. 16, 99 S. Ct. at 2792 n. 16; Quartararo v. Hanslmaier, 186 F.3d 91, 97 (2d Cir. 1999), and the evidence must be reviewed as a whole, see Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir. 1996) ("Assessments of the weight of the evidence or the credibility of witnesses are for the jury and not grounds for reversal on appeal; we defer to the jury's assessments on both of these issues"). The court is not required to decide whether it believes that the evidence at trial established guilt beyond a reasonable doubt, but whether any

rational trier of fact could have found guilt beyond a reasonable doubt based on the evidence presented. See Jackson, 443 U.S. at 319. In making this assessment, a federal habeas court must "credit every inference that could have been drawn in the state's favor . . . whether the evidence being reviewed is direct or circumstantial." Reddy v. Coombe, 846 F.2d 866, 869 (2d Cir. 1988), *cert. denied*, 488 U.S. 929(1988). The jury is also permitted to "draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319. Thus, when faced with a record from which conflicting inferences may be drawn, the habeas corpus court must presume, even if the record does not show it affirmatively, that the trier of fact resolved the conflict in favor of the prosecution and must defer to that resolution. See Wright v. West, 505 U.S. 277, 297(1992).

The Appellate Division, Fourth Department addressed this issue on direct appeal, and rejected Pace's contention that there was insufficient evidence as a matter of law simply because the People's case rested on the testimony of a jailhouse informant. Pace, 305 A.D.2d at 985, *leave denied* 100 N.Y. 2d 585 (N.Y. 2003). Because New York Law does not require corroboration of a jailhouse informant's testimony, there was sufficient evidence to find Pace guilty, despite the fact that the People conceded there was insufficient evidence without Faso's testimony. Id. In addition, the Appellate Division held that a jailhouse informant's testimony

is not *per se* incredible because the informant received favorable treatment or because he acknowledged his prior bad conduct. Id. The court noted that the jury heard testimony regarding the informant's prior bad conduct, the favorable treatment he received for his testimony, and his past relationship with the government as a jailhouse informant, and had the opportunity to properly assess his credibility. Id. The Appellate Division was not willing to challenge the jury's credibility determination, and this Court, similarly, rejects the contention that the jury's assessment of Faso's credibility was flawed. See Maldonado, 86 F.3d at 35.

This Court finds, upon review of the record, that there was legally sufficient evidence for the jury to find, beyond a reasonable doubt, that Pace committed the crimes for which he was convicted. Pace was convicted of two counts of murder in the second degree. The first count required the jury to find that Pace, under circumstances evincing a depraved indifference to human life, recklessly engaged in conduct which created a grave risk of death to another person, and caused the death of such person. (Penal Law § 125.25 (2)). The second count required the jury to find that Pace committed, or attempted to commit the robbery, and that a person was killed during, or in immediate flight from the robbery. (Penal Law § 125.25 (3)). Pace was also convicted of four counts of first degree robbery which required the jury to find the following: Pace forcibly stole property, and in the course of stealing, or in the

immediate flight therefrom, he (1) caused serious physical injury to a non-participant in the crime; (2) was armed with a deadly weapon; (3) used or threatened the immediate use of a dangerous instrument; and (4) displayed what appeared to be a pistol, revolver, rifle, shotgun, machine gun or other firearm. (Penal Law §160.15 (1)-(4)). Finally, Pace was convicted of two counts of criminal use of a firearm, which required the jury to find that Pace committed a class B violent felony (first degree robbery) and (1) possessed a deadly weapon; and (2) displayed what appeared to be a pistol, revolver, rifle, shotgun, machine gun or other firearm. (Penal Law § 260.09(a)-(b)).

The jury credited the testimony of Jeffrey Faso who stated that Pace admitted to committing each of these crimes. Faso testified that Pace told him, "I went into the store and as I got in there I just wanted to go in there and get money to reup, and when the guy opened the cash register I grabbed the money and...that's when things didn't go the way I planned...everything went beserk at that time...and...the next thing I know I'm firing shots...and ran out of the store." (T. 819). Faso also testified that Pace admitted to having a shotgun and hiding it in a field. (T. 818). Under New York State Law, there was sufficient evidence to establish each element of these crimes through this testimony, and every reasonable inference that can be draw from this testimony. Because New York State Law does not require

corroboration of a jailhouse informant's testimony, this Court cannot find that there was insufficient evidence to support a conviction absent such corroboration. Therefore, Petitioner's claim for a writ of habeas corpus based on insufficient evidence to support his conviction is denied.

**B.   The Jailhouse Informant's Testimony**

The Petitioner next claims that the introduction of testimony of a jailhouse informant violated his rights to due process and a fair trial under the Fifth, Sixth, and Fourteenth Amendments. The substance of Petitioner's argument is that the testimony of Jeffrey Faso should have been precluded as a violation of the attorney-client privilege. The Appellate Division, Fourth Department rejected this claim as it was not preserved for review pursuant to C.P.L. 470.05 (2), and because the claim lacked merit. Pace, 305 A.D.2d at 985 (citing People v. Belge, 59 A.D.2d 307, 309, 399 (4th Dept. 1977).

Because it is clear that Petitioner forfeited his claim in state court by failing to preserve the issue for appellate review, he cannot now litigate the merits of the claim in a federal habeas proceeding without a showing of cause and prejudice or a fundamental miscarriage of justice necessary to overcome the state procedural bar. Grey v. Hoke, 933 F.2d 117, 120-21 (2d Cir. 1991) (citing Wainright v. Sykes, 433 U.S. 72, 87-91 (1977)). As Petitioner has not met this burden, his claim must be denied. In

any event, this court agrees with the Appellate Division that Pace's claim lacks merit.

"Confidential disclosures by a client to an attorney made in order to obtain legal assistance are privileged; the purpose of the rule is to is to encourage full and frank communication between attorneys and their clients, and thereby promote broader public interests in the observance of law and administration of justice, but it applies only where necessary to achieve its purpose because the privilege has the effect of withholding relevant information from the fact-finder." U.S. v. DeFonte, 441 F.3d 92 (2nd Cir. 2006)(quoting Upjohn Co. v. United States, 449 U.S. 383, 389 (1981) and Fisher v. United States, 425 U.S. 391, 403 (1976))(internal citations omitted). The attorney-client privilege does not apply where an inmate reveals the details of a crime to another inmate. Pace did not inform Faso that he intended the conversation to be confidential, and Faso did not offer to provide legal assistance to Pace, other than offering his opinion on the evidence in the case. (T. 815-16). Pace also could not have had a reasonable expectation of confidentiality in his conversation with Faso because it took place on the recreation yard of the jail, through the steel cages on the basketball court. (See T. 812). Likewise, Pace could not have believed that Faso was acting as an attorney or giving him competent legal advise. Moreover, it is undisputed that Faso was not an attorney and therefore there is no

legal basis for confidentiality to apply in this instance. Therefore, this court finds that the Petitioner was not denied due process of law or a fair trial based on the introduction of Faso's testimony, and his claim for habeas corpus is denied.

## V. CONCLUSION

For the reasons stated above, petitioner's request for habeas relief pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Further, because the issues raised in the petition are not the type that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, this Court concludes that the petition presents no federal question of substance worthy of attention from the Court of Appeals and, therefore, pursuant to 28 U.S.C. § 2253 and Fed. R. App. P. 22(b), this Court denies a certificate of appealability.

ALL OF THE ABOVE IS SO ORDERED.

    s/Michael A. Telesca
    MICHAEL A. TELESCA
    United States District Judge

DATED: Rochester, New York
September 17, 2009